UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | CASE NO.: 1:16-mc-91068 |
| Plaintiffs, | |
| | UNITED STATES DISTRICT COURT |
| v. | DISTRICT OF COLUMBIA |
| STAPLES, INC. and OFFICE DEPOT, INC., | Case No. 1:15-cv-02115 (EGS) |
| Defendants. | |
| | **DISCOVERY MATTER** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF BRIAN C. SPAHN IN SUPPORT OF OFFICE DEPOT, INC.'S MOTION TO COMPEL DISCOVERY FROM NON-PARTY CRA INTERNATIONAL, INC.

1. Attached hereto as Exhibit A is a true and correct copy of the Federal Trade Commission's ("FTC") Motion for Preliminary Injunction against Staples, Inc., and Office Depot, Inc., in *Federal Trade Commission, et al., v. Staples, Inc., et al.*, 15-cv-02115(EGS) in the District Court for the District of Columbia (the "Underlying Litigation").

2. Attached hereto as Exhibit B is a true and correct copy of the Stipulated Case Management and Scheduling Order in the Underlying Litigation. The Court granted the parties' motion for entry of the Stipulated Case Management and Scheduling Order on December 24, 2015.

3. Attached hereto as Exhibit C is a true and correct copy of the subpoena to Charles River Associates ("CRA") related to the Underlying Litigation.

4. Attached hereto as Exhibit D is a true and correct copy of the Certificate of Service of Office Depot's subpoena on CRA related to the Underlying Litigation. The response date for the Subpoena based on service on February 4, 2016, was February 16, 2016.

5. Attached hereto as Exhibit E is a true and correct copy of my email to Jonathan Yellin, CRA's General Counsel, dated February 4, 2016. Mr. Yellin did not respond to this email.

6. Attached hereto as Exhibit F is a true and correct copy of my email to Mr. Yellin dated February 5, 2016. Mr. Yellin did not respond to this email.

7. Attached hereto as Exhibit G is a true and correct copy of my email to Mr. Yellin dated February 9, 2016.

8. Attached hereto as Exhibit H is a true and correct copy of Mr. Yellin's email to me dated February 9, 2016.

9. Attached hereto as Exhibit I is a true and correct copy of my email to Mr. Yellin dated February 9, 2016.

10. Attached hereto as Exhibit J is a true and correct copy of my email to Mr. Yellin dated February 10, 2016.

11. Attached hereto as Exhibit K is a true and correct copy of Mr. Yellin's email to me dated February 10, 2016.

12. I spoke with Mr. Yellin via telephone regarding the subpoena on February 12, 2016. During that call, I offered to narrow the scope of the Subpoena to lessen the burden on CRA. I also offered to allow CRA to execute a simple declaration in lieu of a production of documents or deposition. Mr. Yellin stated that he had not spoken with or contacted anyone at CRA knowledgeable about CRA's procurement practices or the information requested in the Subpoena at the time. He indicated that CRA's administrative staff was busy with an end-of-year earnings call scheduled for the following week and could not provide any information regarding the Subpoena.

13. Attached hereto as Exhibit L is a true and correct copy of my email to Mr. Yellin dated February 16, 2016.

14. Attached hereto as Exhibit M is a true and correct copy of Mr. Yellin's email to me dated February 16, 2016.

15. Attached hereto as Exhibits N and O are true and correct copies of Mr. Yellin's email to me dated February 16, 2016 and CRA's objections to the Subpoena.

16. I spoke with Mr. Yellin on February 16 regarding the Subpoena and CRA's objections. During the call, Mr. Yellin stated that he still had not spoken with anyone at CRA knowledgeable about CRA's procurement practices or the information requested in the Subpoena. He advised that he may not be able to do so until after CRA's earnings call.

17. Attached hereto as Exhibit P is a true and correct copy of my email to Mr. Yellin dated February 18, 2016.

18. Attached hereto as Exhibit Q is a true and correct copy of Mr. Yellin's email to me dated February 18, 2016.

19. Attached hereto as Exhibit R is a true and correct copy of my email to Mr. Yellin dated February 18, 2016, requesting a "date certain" regarding whether CRA will comply with the subpoena. Mr. Yellin did not respond.

20. Attached hereto as Exhibit S is a true and correct copy of my email to Mr. Yellin dated February 23, 2016, requesting an update. Mr. Yellin did not respond.

21. Attached hereto as Exhibit T is a true and correct copy of my email to Mr. Yellin dated February 23, 2016, stating that Office Depot will have to pursue a motion to compel due to Mr. Yellin's failure to respond.

22. Attached hereto as Exhibit U is a true and correct copy of Mr. Yellin's email to me dated February 23, 2016.

23. Attached hereto as Exhibit V is a true and correct copy of my email to Mr. Yellin dated February 24, 2016.

24. I met and conferred by telephone with Mr. Yellin on February 25, 2016, regarding CRA's objections and the further-narrowed Subpoena and extension to March 4. During the call, Mr. Yellin represented the following: he would inform Office Depot the day of or the day after CRA filed its Form 10k, which he expected would be February 29 or March 1; whether the documents sought in the Subpoena were available; and a timeline that CRA's staff anticipated it would take to collect responsive information.

25. Attached hereto as Exhibit W is a true and correct copy of my email to Mr. Yellin dated February 25, 2016.

26. Attached hereto as Exhibit X is a true and correct copy of Mr. Yellin's email to me dated February 26, 2016, stating that he would contact me following the filing of CRA's 10k, which he expected to occur "early next week."

27. Attached hereto as Exhibit Y is a true and correct copy of Mr. Yellin's email to me dated March 1, 2016.

28. Attached hereto as Exhibit Z is a true and correct copy of my email to Mr. Yellin dated March 4, 2016.

29. Attached hereto as Exhibit AA is a true and correct copy of Judge Emmet G. Sullivan's order granting in part and denying in part a motion to compel in the underlying litigation on February 26, 2016.

_____
Brian C. Spahn

Signed and sworn to before me this
4th day of March, 2016

_____
Notary Public, State of Wisconsin
My Commission: 10-22-16

KRISTI A THOMPSON
Notary Public
State of Wisconsin

CERTIFICATE OF SERVICE

    I, Paula M. Bagger, hereby certify that I have this 4th day of March, 2016, caused a true copy of this document to be served through the Court's CM/ECF system; on non-party CRA International, Inc. by hand delivery; and on all parties not appearing on the Notice of Electronic Filing, by overnight delivery service.

                        /s/ Paula M. Bagger
                        Paula M. Bagger