## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **STAPLES, INC.** and **OFFICE DEPOT, INC.**, <br><br> Defendants. | Civil Action No. \_\_\_\_\_-cv-\_\_\_\_\_ |

### Plaintiff's Motion and Statement of Points and Authorities in Support of Request for Preliminary Injunction

Plaintiff, the Federal Trade Commission (the "Commission"), moves this Court for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), enjoining the acquisition of Office Depot, Inc. ("Office Depot") by Staples, Inc. ("Staples") until the completion of administrative proceedings now underway before the Commission. For the Court's information, in a signed agreement with the Commission, Defendant Office Depot, Inc. and Defendant Staples, Inc. have agreed to a temporary restraining order under which Defendant Staples, Inc. will not consummate any acquisition of any stock, assets, or other interest of Defendant Office Depot, Inc. until four business days after the Court rules on the Commission's motion for a preliminary injunction. In a separate motion, the Commission has submitted its request for the Court to order a temporary restraining order. The Commission is separately submitting the signed stipulation by the Defendants to the Court.

Staples' proposed acquisition of Office Depot would combine the country's two largest vendors of consumable office supplies to large business-to-business customers. And it would complete a combination of the top three largest vendors of consumable office supplies to large



business-to-business customers (Staples, Office Depot, and Office Max, Inc.) in the course of just two years. The acquisition would create a giant compared to the next largest vendor, a regional supplier named W.B. Mason that is only a small fraction of the size of Staples and Office Depot. The remaining competitive alternatives could not constrain the post-merger Staples, and would likely cause anticompetitive effects in the market for the sale and distribution of consumable office supplies to large business-to-business customers in the United States.

The Commission has determined that it has reason to believe that Staples' proposed acquisition of Office Depot would violate Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45. In these circumstances, Section 13(b) of the FTC Act authorizes the Commission to seek a preliminary injunction halting the proposed merger until the Commission "has had an opportunity to adjudicate the merger's legality in an administrative proceeding." *FTC v. CCC Holdings Inc.*, 605 F. Supp. 2d 26, 35 (D.D.C. 2009) (citing 15 U.S.C. § 53(b)). The Commission voted to authorize the administrative complaint in this matter on December 7, 2015, and the trial of this case on the merits before an administrative law judge is scheduled to begin on May 9, 2016.

Because Defendants have threatened to close their transaction before the completion of the administrative trial, the Commission needs a preliminary injunction from this Court to preserve its ability to obtain adequate relief and to prevent harm to consumers. A preliminary injunction would be in the public interest based on a weighing of the equities and the Commission's likelihood of success on the merits. *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 714 (D.C. Cir. 2001).

The parties will confer regarding a proposed scheduling order and the Commission requests a brief telephonic scheduling conference with the Court to facilitate these discussions

and to expedite the entry of a scheduling order under Rule 16(b)(1) of the Federal Rules of Civil Procedure.

In accordance with Local Rule 7(m), counsel for the Commission discussed this motion with counsel for the Defendants. Defendants oppose this motion.

A proposed preliminary injunction order is attached.

Dated: December 7, 2015

Respectfully Submitted,

Tara Reinhart
(D.C. Bar 462106)
Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
400 Seventh Street, N.W.
Washington, D.C. 20024

*Attorney for Plaintiff Federal Trade Commission*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of December, 2015, I served the foregoing on the following counsel via electronic mail:

Bennett Rushkoff
Chief, Public Advocacy Section
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
202-727-5173
bennett.rushkoff@dc.gov

Catherine Jackson
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, DC 20001
202- 442-9864
catherine.jackson@dc.gov

Counsel for Plaintiff District of Columbia

Tracy W. Wertz
Chief Deputy Attorney General
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-4530
twertz@attorneygeneral.gov

Counsel for Plaintiff Commonwealth of Pennsylvania

Jeffrey Perry
Weil, Gotshal & Manges LLP
1300 Eye Street, N.W., Suite 900
Washington, D.C. 20005
202-682-7105
jeffrey.perry@weil.com

Counsel for Defendant Staples, Inc.

Matthew Reilly
Simpson Thacher & Bartlett LLP
900 G Street, N.W.
Washington, D.C. 20001
202-636-5566
matt.reilly@stblaw.com

Counsel for Defendant Office Depot, Inc.

_____
Tara Reinhart
Attorney for Plaintiff Federal Trade Commission