# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al.*, <br><br> v. <br><br> **STAPLES, INC.** and **OFFICE DEPOT, INC.**, | Civil Action No. 1:15-cv-02115-EGS |

## STIPULATION REGARDING CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to the Court's December 23, 2015 Minute Order, the Status Conference held on December 17, 2015, and in accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, Plaintiffs Federal Trade Commission, District of Columbia, Commonwealth of Pennsylvania, and Defendants Staples, Inc. and Office Depot, Inc. (collectively, "parties") submit the following stipulated Case Management and Scheduling Order:

| | **Proposal** |
|---|---|
| Fact discovery begins | On filing of this proposed Order |
| Plaintiffs produce Investigation Materials | December 16, 2015 |
| Rule 26(a)(1) disclosures | December 18, 2015 |
| Deadline for amendments to pleadings or join parties | One day after entry of this proposed Order |
| Answers to Complaint due | December 22, 2015 |
| Each side serves its preliminary trial witness list | December 24, 2015 |
| Deadline to issue written discovery to parties | January 27, 2016 |
| Fact discovery closes | February 12, 2016 |
| Plaintiffs serve Expert Report(s) | February 15, 2016 |
| Plaintiffs' Brief in Support of Preliminary Injunction | February 16, 2016 |



|  | **Proposal** |
|---|---|
| Each side serves its final trial witness list | February 25, 2016 |
| Defendants serve rebuttal Expert Report(s) | February 29, 2016 |
| Each side exchanges exhibit lists | March 4, 2016 |
| Defendants' Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction | March 8, 2016 |
| Each side exchanges its objections to the other side's exhibits | March 8, 2016 |
| Plaintiffs' Reply Expert Report(s) | March 10, 2016 |
| Parties to complete meet and confer regarding objections to exhibits | March 14, 2016 |
| Last day for Motions *in limine* to be filed | March 14, 2016 |
| Close of Expert Discovery | March 15, 2016 |
| Joint Pretrial Statement to be filed | March 16, 2016 |
| Final pretrial conference | March 16, 2016 at 10 a.m. |
| Plaintiffs' Reply In Support of Motion for Preliminary Injunction | March 17, 2016 |
| Preliminary Injunction Hearing starts | March 21, 2016 |

1. **Statements Regarding Local Rules 16.3(c)(3), 16.3(c)(3), 16.3(c)(4), 16.3(c)(5), and 16.3(c)(6).** In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived service of a summons. Defendants do not intend to file any Rule 12(b) motions and they consent, for the purposes of this case only, to personal jurisdiction and venue in this Court. The parties do not believe that the case should be assigned to a magistrate judge for all purposes, including trial. Both parties are amenable to settling this case, but despite their pre-complaint efforts, have not been able to resolve their different views of the likely effects of the proposed merger. Presently, the parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures.

2. **Discovery Conference.** The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Federal Rule of Civil Procedure 26(f) and the Local Rules to confer further generally about scheduling and a discovery plan. The parties shall meet and confer when particular scheduling or discovery issues arise.

3. **Production of Investigation Materials.** The Plaintiffs will produce, initially on an "outside counsel eyes only" basis, and at all times in compliance with the Protective Order, the following Investigation Materials: (a) all documents, data, information, or transcripts of testimony that: (i) any non-party provided to Plaintiffs either voluntarily or under compulsory process preceding the filing of this action in the course of Plaintiffs' inquiries into the competitive effects of the proposed acquisition or (ii) provided to any non-party preceding the filing of this action in the course of Plaintiffs' inquiries into the competitive effects of the proposed acquisition; and (b) any witness statements, including affidavits, transcripts, or letters, whether in hard-copy or electronic form, sent or received by Plaintiffs to or from any non-party including its counsel, preceding the filing of this action in the course of Plaintiffs' inquiries into

the competitive effects of the proposed acquisition. The Plaintiffs will conduct good-faith, reasonable, and diligent searches for Investigation Materials; if any Investigation Material is not produced as agreed in this Paragraph, the parties will meet and confer in good faith to agree on a resolution. Nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other governmental privilege.

4. **Timely Service of Fact Discovery.** All written and deposition discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery. Parties must serve any additional declarations within one day of knowing receipt of the signed declaration. Parties must serve any additional declarations by February 12, 2016. The parties agree to work in good faith to complete depositions (or counter-declarations by the other side) by February 12, 2016, or as soon as practical thereafter.

5. **Written discovery.**

    a. Interrogatories: Interrogatories shall be limited to 20 per side, including discrete subparts.

    b. Requests for Admission. Requests for admission shall be limited to 20 per side. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence, issues that the parties shall attempt to resolve initially through negotiation, shall not count against these limits.

    c. Document Requests: There shall be no limit on the number of requests for the production of documents that may be served by the parties. The parties shall

not be required to produce to each other in discovery in this case any documents previously produced by the parties in the course of the investigation of the acquisition of Office Depot by Staples, FTC File No. 151-0065, or any prior FTC investigation.

    d.    Responses to written discovery: Unless otherwise agreed, the parties shall respond in writing to interrogatories and requests for admissions within 15 days after they are served. The parties must serve any objections to requests for productions of documents (including a proposal of custodians to search) within 5 days after the requests are served. Within 2 days of service of those objections, the parties will meet and confer to attempt to resolve the objections and custodians. Responsive productions (subject to any objections or custodian issues that have not been resolved) will be made on a rolling basis with a good-faith effort to be completed no later than 20 days after service of the request for production. Responsive productions following resolution of objections and custodians shall be completed on a rolling basis with a good-faith effort to be completed no later than 14 days after the resolution by the parties. In response to any Rule 34 request for data or data compilations, the parties will meet and confer in good faith and make employees knowledgeable about the company's electronic systems, applications and tools, and the content, storage and production of data available for informal consultations during a meet and confer.

    e.    The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) any documents or communications sent solely between outside counsel for the parties (or persons

employed by or acting on behalf of such counsel) or by counsel for the Federal Trade Commission or Plaintiff States (or persons employed by the Federal Trade Commission or the Plaintiff States); (2) emails that are forwarded to assistants or secretaries, where no responsive information is added and the prior privileged email has been logged; (3) Defendants' communications with internal counsel reflecting legal advice or attorney work product related to the negotiation of the merger agreement with Office Depot and the financing terms of the Staples/Office Depot transaction; (4) Defendants' communications with internal counsel reflecting legal advice or attorney work product related to (a) the preparation of Staples' and Office Depot Hart-Scott-Rodino premerger notifications filed on February 26, 2015; or (b) the preparation of Staples and Office Depot's response to the Requests for Additional Information and Documentary Material Issued to Defendants ("Second Request"); (5) documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the parties' outside counsel (or persons employed by the Federal Trade Commission or the Plaintiff States); (6) documents or communications sent solely between outside counsel for the parties (or persons employed by or acting on behalf of) and employees or agents of each party; (7) privileged draft contracts; (8) draft regulatory filings; and (9) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the parties will insert a placeholder to indicate a document has been withheld from that family. The parties also agree to the following guidelines concerning the

preparation of privilege logs: (a) a general description of the litigation underlying attorney work product claims is permitted; (b) identification of the name and the company affiliation for each non-Defendant person is sufficient identification; and (c) there is no requirement to identify the discovery request to which each privilege document was responsive.

6. **Witness Lists (preliminary trial and final trial)**. Each side is limited to 50 persons on its preliminary witness list, and 20 persons on its final trial witness list. Absent agreement of the parties or leave of court, no witness may be included on a final witness list that was not listed on a preliminary witness list. Both the preliminary trial witness list and the final trial witness list shall be good-faith attempts to identify for the other side the witnesses the party expects that it may present at trial other than solely for impeachment. The final trial witness list shall comply with the Federal Rule of Civil Procedure 26(a)(3)(A)(i).

7. **Depositions**. The parties agree there should be no limit on the number of depositions that each party will be permitted. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties may not serve a deposition notice with fewer than seven days' notice for the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule. All depositions, including expert depositions, shall be limited to a maximum of seven (7) hours. If a party makes a good-faith effort to depose a witness, and the witness refuses to appear for a deposition, a declaration by such witness shall be presumptively inadmissible. A party seeking to depose a witness should bring any recalcitrant witness issues to the court's attention as soon as practicable. Parties will work in good faith to re-schedule depositions for which a declaration is served less than five (5) calendar days prior to

the agreed upon deposition. Further, in such cases, parties agree to work in good faith to complete depositions (or counter-declarations by the other side) by February 12, 2016, or as soon as practical thereafter.

For any deposition of a current employee or agent of any Defendant, or former employee or agent of a Defendant that retains Defendants' counsel as its counsel in this case, Plaintiffs shall be allocated seven (7) hours for the deposition. For any deposition of a third party noticed by both Plaintiffs and Defendants, the maximum time for the deposition shall be allocated evenly between the two sides. For any noticed deposition of a third party for which either side has obtained a declaration from the deponent, the maximum time shall be allocated for five (5) hours for the party that did not obtain the declaration, and two (2) hours for the party that obtained the declaration. For any noticed deposition of the proposed divestiture buyer, Essendant, or its employees, Plaintiffs shall be allocated six (6) hours and Defendants one (1) hour. Unused time in any party's allocation of deposition time shall not transfer to the other party.

If a Party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven days after the original return date for the document subpoena.

8. **Nationwide Service of Trial Subpoenas.** To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, each side shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for the purposes of Federal Rule of Civil Procedure 32 and Federal Rule of

Evidence 804 available under these rules regarding the use at trial of a deposition taken in the above-captioned action pending in this Court.

9. **Discovery of Confidential Information.** Discovery and production of confidential information shall be governed by the Protective Order Concerning Confidentiality that the parties are filing with the Court. After entry by the Court, a copy of the Protective Order shall be sent to any non-parties that have been served with discovery requests, notices, or subpoenas. In addition, by February 19, 2016, Defendants shall provide Plaintiffs with redacted versions of any exhibits used in investigational hearings or depositions in this matter for which either Defendant asserted confidentiality, or inform Plaintiffs of those exhibits that no longer need to be treated as confidential. By February 19, 2016, Defendants also shall inform Plaintiffs of the portions of investigational hearing or deposition transcripts that no longer need to be treated as confidential.

10. **Expert Witness Disclosures and Depositions.** Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

    a. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

        i) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between:

            1. any party's counsel and its expert(s), or between any agent or employee of the party's counsel and the party's expert(s);

            2. testifying and non-testifying experts;

            3. non-testifying experts; or

            4. testifying experts;

    ii)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

    iii)     expert's notes, except for notes of interviews participated in or conducted by the expert of fact witnesses;

    iv)     drafts of expert reports, affidavits or declarations; and

    v)     data formulations, data runs, data analyses, or database related operations not relied upon by the expert in forming opinions in his or her final report.

b.    The parties agree that the following materials will be disclosed with all expert reports:

    i)     a list by bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

    ii)     for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

**11.**    **Service of Pleadings and Discovery on Other Parties.** Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence in this matter shall be made by ECF or email, except when the volume of attachments requires electronic data transfer and/or, if agreed upon by the parties, overnight delivery of the attachments, to the following individuals designated by each party:

For Plaintiff Federal Trade Commission:

    Stelios Xenakis
    Federal Trade Commission
    Bureau of Competition
    400 Seventh Street, S.W.
    Washington, DC 20024
    (202) 326-2821
    sxenakis@ftc.gov

    Ryan Quillian
    Federal Trade Commission
    Bureau of Competition

400 Seventh Street, S.W.
Washington, DC 20024
(202) 326-2739
rquillian@ftc.gov

For Plaintiff District of Columbia:

Bennett Rushkoff
Chief, Public Advocacy Section
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
(202) 727-5173
bennett.rushkoff@dc.gov

Catherine Jackson
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, D.C. 20001
(202) 442-9841
catherine.jackson@dc.gov

For Plaintiff Commonwealth of Pennsylvania:

Norman Marden
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 787-4530
nmarden@attorneygeneral.gov

For Defendant Staples, Inc.:

Diane Sullivan
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153
diane.sullivan@weil.com
Telephone: (212) 310-8897
Facsimile: (212) 310-8007

Jeffrey Perry
Carrie Mahan Anderson
Weil, Gotshal & Manges LLP
1300 Eye Street N.W.

>Washington, DC 20005
>Telephone: (202) 682-7000
>Facsimile: (202) 857-0940
>jeffrey.perry@weil.com
>carrie.anderson@weil.com

For Defendant Office Depot, Inc.

>Matthew Reilly
>Simpson Thatcher & Bartlett LLP
>900 G Street, N.W
>Washington, D.C. 20001
>(202) 636-5566
>matt.reilly@stblaw.com

In the event that any documents are too voluminous for electronic mail, the parties shall serve an electronic version of the papers on opposing counsel either (a) on a disc by hand at their Washington, D.C. office or (b) via Accellion, an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served. For purposes of calculating discovery response times under the Federal Rules, electronic delivery shall be treated in the same manner as hand delivery.

Each side shall copy and produce to the other side materials obtained in discovery from any non-party, in the format they were received, within three business days after receipt by the party initiating the discovery request; except that if a non-party produces documents or electronic information that are not Bates-stamped, the party receiving the documents shall Bates-stamp them before producing a copy to the other parties, and shall produce the documents or electronic information in a timeframe appropriate to the volume and complexity of the files received.

**12.     Deposition Designations.** The parties need not designate portions of investigational hearings or depositions taken in the litigation. Full transcripts of investigational

hearings or depositions taken in the litigation shall be admitted, except that to the extent a party cites investigational hearing or deposition testimony in support of a proposed finding of fact, the Court will assess any objections made on the record at the investigational hearing or deposition in determining whether to accept that proposed finding of fact.

13. **Evidentiary Presumptions**.

    a.    Documents produced by non-parties from their own files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

    b.    All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's investigation of the proposed acquisition (FTC File No. 151-0065), or any prior FTC investigation, are presumed to be authentic.

    c.    Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery relating solely to authenticity and/or admissibility of documents.

14. **Demonstrative exhibits**. Demonstrative exhibits, other than those used by experts, do not need to be included on Exhibit lists, but, unless otherwise agreed or ordered, need

to be served on all counsel of record at least 24 hours before any such exhibit may be introduced, or otherwise used, at trial. Text-only PowerPoint slides, demonstratives used at any hearing other than trial, and demonstratives created in court need not be pre-disclosed to the opposing party.

15. **Briefing**. Plaintiffs' Memorandum In Support of Its Motion for Preliminary Injunction, not to exceed 45 pages, shall be filed on or before February 16, 2016. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, not to exceed 45 pages, shall be filed on or before March 8, 2016. Plaintiffs' Reply Brief, not to exceed 25 pages, shall be filed on or before March 17, 2016.

16. **Proposed Findings of Fact and Conclusions of Law:** Proposed findings of fact and conclusions of law shall be due 10 days after the close of the hearing. Approximately one week after proposed findings of fact and conclusions of law are submitted, the parties shall appear for a final summation of the parties' argument.

17. **Date and Length of Preliminary Injunction Proceeding.** The preliminary injunction hearing in this matter will be held beginning on March 21, 2016. Plaintiffs and Defendants will be granted a full and fair opportunity to present their case in a non-cumulative fashion. Plaintiffs may preserve a portion of its time for rebuttal.

18. **Modification of Scheduling and Case Management Order**. Any party may seek modification of this Order for good cause, except that discovery and expert disclosure deadlines also may be modified by the parties by agreement.

Dated: December 23, 2015   Respectfully submitted,

/s/ Tara Reinhart

Tara Reinhart
(D.C. Bar 462106)
Chief Trial Counsel
Federal Trade Commission
Bureau of Competition
400 Seventh Street, S.W.
Washington, D.C. 20024
202-326-2638
treinhart@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*

/s/ Catherine Jackson

Catherine Jackson
Assistant Attorney General
441 4th Street, N.W., Suite 600 South
Washington, DC 20001
202-442-9864
catherine.jackson@dc.gov

*Attorney for Plaintiff District of Columbia*

/s/ Norman Marden

Norman Marden
Chief Deputy Attorney General
Commonwealth of Pennsylvania
Pennsylvania Office of Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA 17120
717-787-4530
nmarden@attorneygeneral.gov

*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ Diane Sullivan

Diane Sullivan (DC Bar 1014037)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
diane.sullivan@weil.com

Telephone: (212) 310-8897
Facsimile: (212) 310-8007


Jeffrey Perry (DC Bar 465994)
Carrie Mahan Anderson (DC Bar 459802)
1300 Eye Street NW
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
jeffrey.perry@weil.com
carrie.anderson@weil.com

*Counsel for Defendant Staples, Inc.*

 /s/ Matthew Reilly
Matthew Reilly
Simpson Thacher & Bartlett LLP
900 G Street, N.W
Washington, D.C. 20001
(202) 636-5566
matt.reilly@stblaw.com

*Counsel for Defendant Office Depot, Inc.*


SO ORDERED:


Date: December _____, 2015


Honorable Emmet G. Sullivan
United States District Court Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of December, 2015, I filed the foregoing with the Clerk of the Court via the CM/ECF system, which will automatically send electronic mail notification of such filing to the CM/ECF registered participants as identified on the Notice of Electronic Filing.

                                              /s/ Tara Reinhart
                                              Tara Reinhart
                                              Attorney for Plaintiff Federal Trade Commission

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**STAPLES, INC.** and<br>**OFFICE DEPOT, INC.**,<br><br>Defendants. | Civil Action No. 1:15-cv-02115-EGS |

**Joint Motion for Entry of Stipulated Case Management and Scheduling Order**

In accordance with the Court's December 23, 2015 Minute Order, on behalf of all parties, Plaintiff Federal Trade Commission submits this Joint Motion for Entry of the attached revised Stipulated Case Management and Scheduling Order.

Dated:  December 23, 2015                    Respectfully Submitted,

                                              /s/ Tara Reinhart
                                             Tara Reinhart
                                             (D.C. Bar 462106)
                                             Chief Trial Counsel
                                             Federal Trade Commission
                                             Bureau of Competition
                                             400 Seventh Street, N.W.
                                             Washington, D.C. 20024
                                             (202) 326-2638
                                             treinhart@ftc.gov

                                             *Attorney for Federal Trade Commission*

12/24/2015
MINUTE ORDER granting 54 Motion for Scheduling Order. Signed by Judge Emmet G. Sullivan on December 24, 2015. (lcegs4) (Entered: 12/24/2015)