# GODFREY☷KAHN S.C.

ONE EAST MAIN STREET, SUITE 500 • POST OFFICE BOX 2719
MADISON, WISCONSIN 53701-2719

TEL • 608.257.3911   FAX • 608.257.0609

www • GKLAW.COM

Direct: 608-284-2603
ewilson@gklaw.com

February 3, 2016

**VIA HAND DELIVERY**

CRA International, Inc.
c/o CSC
84 State St., Suite 400
Boston, MA 02109

RE:   *Federal Trade Commission, et al. v. Staples, Inc. and Office Depot, Inc.,*
D.D.C. Case No. 1:15-02115

To Whom It May Concern:

Enclosed please find a subpoena for documents and testimony for CRA International, Inc. in connection with the above-referenced matter.  Also attached is a copy of the protective order entered in this matter.

Office Depot is willing to work with CRA International, Inc. to make the process as efficient as possible, as well as to identify a mutually agreeable date, time, and place for the deposition.

If CRA International, Inc. would like to discuss or has any questions regarding the enclosed, please do not hesitate to contact me.

Sincerely,

GODFREY & KAHN, S.C.

Eric J. Wilson

EJW:jgl
Enclosure
15171796.1



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Federal Trade Commission,** *et al.,*<br>    **Plaintiffs**<br><br>                    **v.**<br><br>**Staples, Inc. and Office Depot, Inc.,**<br>    **Defendants** | 1:15-cv-02115 (EGS) |

## <u>NOTICE OF SUBPOENA OF CRA INTERNATIONAL, INC.</u>

PLEASE TAKE NOTICE that, pursuant to and in accordance with Rules 30(b)(6) and 45

of the Federal Rule of Civil Procedure, Defendant Office Depot, Inc. will be serving subpoenas

for testimony, documents, and things on CRA International, Inc. as set forth in the Subpoena to

Testify at a Deposition, and in the Subpoena to Produce Documents in a Civil Action, attached

hereto.


Dated: February 3, 2016                 */s/ Eric J. Wilson*
                                        Eric J. Wilson (Admitted Pro Hac Vice)
                                        Godfrey & Kahn, S.C.
                                        One East Main Street
                                        Suite 500
                                        P.O. Box 2719
                                        Madison, WI 53701
                                        Tel: (608) 284-2603
                                        Fax: (608) 257-0609

                                        *Counsel for Office Depot, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2016, a copy of the foregoing was served, via e-mail, on the following individuals:

Tara Reinhart, Esq.
Charles Loughlin, Esq.
Alexis Gilman, Esq.
Kevin Hahm, Esq.
Stelios Xenakis, Esq.
Ryan Quillian, Esq.
Kenna Falk
Caitlin Durand
Eleanor Hudson
Tommy Lavoy
treinhart@ftc.gov
cloughlin@ftc.gov
agilman@ftc.gov
khahm@ftc.gov
sxenakis@ftc.gov
rquillian@ftc.gov
kfalk@ftc.gov
cdurand@ftc.gov
ehudson@ftc.gov
tlavoy@ftc.gov

*Counsel for Federal Trade Commission*

Norman Marden, Esq.
Tracy Wertz, Esq.
nmarden@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Commonwealth of Pennsylvania*

Bennett Rushkoff, Esq.
Catherine Jackson, Esq.
bennett.rushkoff@dc.gov
catherine.jackson@dc.gov

*Counsel for District of Columbia*

Diane P. Sullivan, Esq.
Carrie Mahan Anderson, Esq.
Jeffrey H. Perry, Esq.
Timothy Andersen
diane.sullivan@weil.com
carrie.anderson@weil.com
jeffrey.perry@weil.com
timothy.andersen@weil.com

*Counsel for Staples, Inc.*

Dated: February 3, 2016

*/s/ Eric J. Wilson*
Eric J. Wilson

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Federal Trade Commission, et al. | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  1:15-cv-02115-EGS |
| Staples, Inc. and Office Depot, Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: 
CRA International, Inc.
c/o CSC, 84 State St., Ste. 400, Boston,  MA  02109

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place:  TBD | Date and Time:  TBD |
|---|---|

The deposition will be recorded by this method:  Transcript and Videotape

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/03/2016

| _CLERK OF COURT_ | OR | /s/ Eric J. Wilson |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Office Depot, Inc.
_____ , who issues or requests this subpoena, are:
Eric J. Wilson, Godfrey & Kahn, S.C., One E. Main St., Ste., 500, PO Box 2719, Madison, WI 53701; Tel: (608) 284-2603; Fax: (608) 257-0609

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:15-cv-02115-EGS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| Federal Trade Commission, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:15-cv-02115-EGS |
| Staples, Inc. and Office Depot, Inc. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           CRA International, Inc.
c/o CSC, 84 State St., Ste. 400, Boston,  MA  02109

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Godfrey & Kahn, S.C.<br>One E. Main St., Ste. 500<br>Madison, WI 53701 | Date and Time:<br>Ten (10) days from the date of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/03/2016

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Eric J. Wilson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  **Office Depot, Inc.**
_____ , who issues or requests this subpoena, are:
Eric J. Wilson, Godfrey & Kahn, S.C., One E. Main St., Ste. 500, PO Box 2719, Madison, WI 53701; Tel: (608) 284-2603

Fax: (608) 257-0609

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:15-cv-02115-EGS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

In accordance with Federal Rule of Civil Procedure 45, the following documents should be produced to the attention of Eric J. Wilson, Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI, 53701, within ten (10) days of service of this subpoena, or at such other time and place as the Company and counsel for Defendant Office Depot, Inc. shall mutually agree.

# DEFINITIONS

These requests and deposition topics incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following definitions and instructions:

1.      "This Action" or "This Litigation," as used herein, means *Federal Trade Commission, et al. v. Staples, Inc. and Office Depot, Inc.,* Case No. 15-cv-02115, currently pending in the United States District Court for the District of Columbia.

2.      "Any" and "all," as used herein, shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

3.      The terms "bid" and "bidding," as used herein, refer to an offer or the process or act of making an offer to supply goods or services pursuant to proposed terms or conditions, whether or not in the context of an auction or in response to a Request for Proposal or Request for Information.

4.      "Communication," as used herein, means all modes of conveying information, including, but not limited to, telephone conversations, emails and all other forms of electronic communication and electronic messaging, letters, conversations, interviews, meetings, hearings, and other written, electronic, or spoken language or graphics, however transmitted or stored.

5.      "The Company," "CRA International, Inc.," "You," or "Your," as used herein, means CRA International, Inc. and its domestic and foreign parents, predecessors, subsidiaries, affiliates, divisions, and joint ventures, and all of its present and former employees, attorneys, accountants, economists, staff, consultants, experts, agents, and representatives, and specifically includes any third party representative, agent, or affiliate, acting or purporting to act on behalf of CRA International, Inc.

6.      "Customer Location," as used herein, refers to each location and/or ship to address to which the Company received shipments of any Relevant Products.

7.      "Divestiture," as used herein, means the proposed divestiture of certain contracts and related assets to Essendant, Inc. ("Essendant").

8.      The term "document(s)," as used herein, is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and is meant to include, at least, all tangible things, all communications, contracts, correspondence, electronic mail, letters, notes (including handwritten), memoranda, transcripts, writings, charts, drawings, graphs, photographs, computer recordings, databases, discs, spreadsheets, and any other data compilations from which information can be obtained.  A draft or non-identical copy is a separate document within the meaning of this term.

9.      "FTC," as used herein, means Federal Trade Commission, including without limitation all of its employees, attorneys, accountants, economists, staff, consultants, experts, agents, and representatives, and specifically includes any third party representative or agent, wherever located, acting or purporting to act on behalf of or assisting the FTC in connection with the Proposed Transaction.

10.     "Include" and "including," as used herein, shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

11.     The term "off-contract spend," as used herein, refers to all money (a) that the Company spent on any Relevant Product when the Company had any contract to purchase that product from any Person, but (b) that the Company paid to any Person other than those that were party(ies) to the contract for that Relevant Product.  "Off-contract spend" is also inclusive of purchases of any Relevant Product from non-primary suppliers (i.e., secondary contract suppliers, manufacturers, etc.).

12.     "Office Depot," as used herein means Office Depot, Inc., its domestic and foreign parents, predecessors, subsidiaries, affiliates, divisions, and joint ventures, and all directors, officers, employees, agents, and representatives.

13.     "Person" or "Persons," as used herein, includes natural persons, proprietorships, firms, partnerships, corporations, associations, organizations, joint ventures, or other entities.

14.     "Plaintiff," as used herein, means the FTC and/or Plaintiff States, collectively or individually.

15.     "Plaintiff States," as used herein, means the Office of the Attorneys General for the state of the Commonwealth of Pennsylvania and the District of Columbia.

16.     "Proposed Transaction," as used herein means the proposed acquisition by Staples of Office Depot.

17.     "Relate to," "related to," and "relating to," as used herein, mean in whole or in part addressing, alluding to, analyzing, bearing upon, commenting on, concerning, in connection with, constituting, containing, contradicting, dealing with, demonstrating, depicting, describing, discussing, embodying, evidencing, identifying, mentioning, pertaining to, referring to, reflecting, refuting, regarding, reporting, stating, summarizing and/or supporting.

18.     "Relevant Area," as used herein, means the United States.

19.     "Relevant Product" and "Relevant Products," as used herein, refer to any products or services – individually and in all combinations – that are office supplies, office equipment, office support services, office furniture, break room supplies, cleaning and janitorial supplies, copy and print services, or managed print services.  The terms include, without limitation, pens, pencils, paper clips, staples, folders, binders, paper, ink and toner, and technology products (e.g., computers, smart phones, and tablets).

20.     "Staples," as used herein, means Staples, Inc., its domestic and foreign parents, predecessors, subsidiaries, affiliates, divisions, and joint ventures, and all directors, officers, employees, agents, and representatives.

21.     Unless clearly indicated otherwise:  (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neutral genders shall include all genders; and (c) the singular form of a word shall include the plural and vice versa.

## INSTRUCTIONS

1.     Unless otherwise noted, the following requests shall encompass documents and information from January 1, 2012 to the present.

2.     Office Depot is willing to work with You to identify appropriate document custodians for these requests.

3.     Furnish all responsive documents and data in Your possession, custody or control at the present time or coming into Your possession, custody, or control prior to the date of the production.

4.     In the event a document is withheld or redacted on a claim of attorney/client or work product privilege, You shall provide a detailed log (the "Privilege Log") which identifies with respect to each document withheld or redacted, at a minimum:

    a.  the nature of the privilege or protection that is being claimed
    b.  the litigation for which the document was prepared, if work product privilege is claimed;
    c.  the type of the document;
    d.  the date of the creation of the document;
    e.  the last date the document was modified or revised;
    f.  the full name, title, and employer of each author, addressee, recipient, and/or sender of the document, denoting each attorney with an asterisk;
    g.  a description of the document containing sufficient information to identify the general subject matter of the document and circumstances thereof to explain the claim of privilege or protection and permit the adjudication of the propriety of that claim; and
    h.  the identity of and any production Bates number assigned to the document.

5.     Attachments, enclosures, cover letters, and cover emails shall be entered separately on the Privilege Log.  Submit all non-privileged portions of any responsive document (including non-privileged or redacted attachments, enclosures, cover letters and cover emails) for which a claim of privilege is asserted, noting where redacts to the document have been made.

6.     If You object or otherwise decline to produce any of the documents requested by any request herein, specify the precise grounds upon which You rely in sufficient detail to permit the Defendant and the Court to determine the legal sufficiency of Your objection or position, and provide the most responsive documents You are willing to provide without a court order.

7.     You are to produce a copy of all original documents and each non-identical copy of original documents requested herein.  Each document is to be produced along with all drafts, without abbreviation or redaction, in its entirety including all attachments, enclosures, cover letters, memoranda, exhibits, and appendices.  Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately.  Each draft of a document is a separate document.

8.     If any portion of a document or tangible thing is responsive to a request, the entire document or tangible thing shall be produced, redacting only privileged material, if any.

9.     All documents should be produced with Bates numbers that shall be unique for each page.  Bates numbers shall contain a prefix that can be readily attributed to You.  Bates numbering should be sequential and consist of not less than seven (7) digits with zero fill as necessary to maintain the seven-digit sequence.

10.     All electronically stored information ("ESI") shall be produced as single-page TIFF Group IV images with an OPT load file; images for individual documents must be contained in a single folder; and extracted or OCR text shall be provided as document level files, in the same folder as the images for the document.  Provide any spreadsheets or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats.  Provide all hard copy documents as image files with searchable OCR text, and unitize the hard copy documents to the extent possible (*i.e.*, multi-page documents shall be produced as a single document, and not as several single-page documents). Parent-child relationships (association between an attachment and its parent document) shall be preserved.  The attachment(s) shall be produced immediately after the parent document.  Produce the metadata for any responsive ESI with the responsive data, including the following fields: beginning bates number, ending bates number, attachment beginning bates number, parent beginning bates number, page count, custodian, author, to, from, CC, BCC, subject, title, date and time sent, date and time received, date and time created, date and time last modified, MDS hash, application type, file type, file name, file size, file path, and folder path  Documents produced in native format shall be accompanied by a native link field.

11.     Documents are to be produced as they were maintained in the ordinary course of business and are to be labeled in such a way as to identify which files and offices they were collected from.

12.    No request for production shall be construed with reference to any other request for production for purposes of limitation, and the specificity of any single request shall not limit the generality of any other request.

13.    These requests are continuing in nature, and You must supplement Your responses pursuant to Federal Rule of Civil Procedure 26(e).  Defendants specifically reserve the right to seek supplementary responses and the additional supplementary production of documents before trial.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.**
Submit all documents relating to the Company's purchases and efforts to purchase any Relevant Product in the Relevant Area, including (a) all contracts (including any amendments or modifications thereto) that are now in effect or that were in effect at any time from January 1, 2012 to the present, as well as all documents relating to the development or negotiation of such contracts, (b) communications with Persons offering any Relevant Product, (c) internal Company correspondence regarding negotiating positions and proposed and final terms, (d) analyses, spreadsheets, and programs used by the Company in connection with comparing bids and making contracting decisions, (e) internal documents that describe the Company's methods and procedures for determining whether to accept proposed and final terms and prices, (f) planned contracts, amendments, or modifications (including those not entered into, not yet finalized or in force, or no longer in force), and (g) actual or potential off-contract spend.

**REQUEST NO. 2.**
Submit all documents concerning the Company's plans, analyses, assessments, or summaries relating to the Company's purchases or efforts to purchase any Relevant Product in the Relevant Area, including all documents relating to (a) operations or distribution capabilities of any person selling or offering to sell any Relevant Product, (b) responses to Requests for Proposal or Requests for Information from any Person, (c) next-day or desktop delivery offerings (either directly or through a third party), (d) service levels, such as the need (or lack thereof) for dedicated account representatives, (e) value-added services, such as tracking and monitoring of customer purchases or offering customized catalogs, (f) IT capabilities that interface with the Company's e-procurement and billing systems, and (g) financial outlook and stability of the Person from whom the Company purchases or procures any Relevant Product in the Relevant Area.

**REQUEST NO. 3.**
Submit documents sufficient to show the Company's annual purchases (by dollars and volume) of all Relevant Products in the Relevant Area and broken down, to the extent possible, by:
    i.    office supplies and paper;
   ii.    ink and toner; and
  iii.    all other Relevant Products.

**REQUEST NO. 4.**
Submit documents sufficient to show, for each quarter and each calendar year between January 1, 2012 and the present:
    i.    each Customer Location;
   ii.    the Relevant Products purchased by the Company and identification of which entity the Company purchased Relevant Products from, broken down by purchases from;
        a.    a manufacturer (direct purchase)
        b.    a manufacturer (purchased through a group or cooperative)
        c.    Essendant or SP Richards
        d.    Staples
        e.    Office Depot

      f.   W.B. Mason
      g.   HiTouch
      h.   Amazon (including Amazon.com, Amazon Supply, Amazon for Business, and Amazon Business)
      i.   others

iii.   total units of each Relevant Product purchased by the Company and shipped to each Customer Location;

iv.   Total cost of each Relevant Product purchased by the Company and shipped to each Customer Location, broken out by acquisition cost, delivery cost, and any other cost categories that the Company tracks in its ordinary course of business (along with explanations of the definition of each cost line item) that is purchased from:

      a.   a manufacturer (direct purchase)
      b.   a manufacturer (purchased through a group or cooperative)
      c.   Essendant or SP Richards
      d.   Staples
      e.   Office Depot
      f.   W.B. Mason
      g.   HiTouch
      h.   Amazon (including Amazon.com, Amazon Supply, Amazon for Business, and Amazon Business)
      i.   others

v.   the portion of the Company's purchases of the Relevant Products that were made under a contractual arrangement;

vi.   any rebates or discounts given to the Company associated with the purchase of Relevant Products;

vii.   all suppliers of Relevant Products from whom the Customer purchased Relevant Products;

viii.   from which distribution centers the Company received Relevant Products for each Customer Location;

ix.   the method of delivery for each Customer Location for each Relevant Product; and

x.   any instance when the Customer switched Relevant Product suppliers generally or for a specific product, and the reason for switching.

**REQUEST NO. 5.**

Submit all documents of the Company, in its capacity as a Relevant Customer, relating to competition to provide any Relevant Product in the Relevant Area, including, but not limited to, documents relating to (a) the market share or competitive position of any Person providing any Relevant Product; (b) the relative strengths or weaknesses of any Person providing any Relevant Product; (c) supply and demand conditions for the provision of any Relevant Product; (d) attempts by Persons providing any Relevant Product to gain or retain customers, sales volume, or sales revenue, including, but not limited to, price reductions, incentive and rebate increases, service or quality improvements, and increased amounts of off-contract spend; and (e) any actual or potential effect on the supply, demand, cost, price, or quality of the provision of any Relevant Product as a result of competition from any other possible substitute provider of that product.

**REQUEST NO. 6.**

Submit all documents of the Company, in its capacity as a Relevant customer, relating to Amazon, Amazon Business, Grainger, W.B. Mason, and any other Person's sale and distribution of any Relevant Product, including internal communications, proposals, submissions or other documents submitted to or received from Amazon, Amazon Business, Grainger, W.B. Mason or any other Person providing any Relevant Product.

**REQUEST NO. 7.**
Submit all documents of the Company, in its capacity as a Relevant Customer, including documents related to price matching, price checking, or price monitoring, including, but not limited to, internal or external software programs or other tools, relating to or describing the Company's efforts to identify and purchase any Relevant Products at lower prices from sources other than the Staples and/or Office Depot/OfficeMax.

**REQUEST NO. 8.**
Submit all documents relating to the Company's efforts to negotiate price concessions before, during, or after the bidding contract cycle from any Person providing any Relevant Product.

**REQUEST NO. 9.**
Submit all documents relating to every instance, from January 1, 2010 to the present, in which the Company has considered, evaluated, or selected any Person from whom the Company purchases or procures, has purchased or procured, or has considered purchasing or procuring any Relevant Product in the Relevant Area, including, but not limited to, (a) market surveys or analyses, (b) Requests for Information; (c) Requests for Proposal; (d) bids received; (e) analyses, scoring, and comparisons of submitted bids or of the Persons who submitted bids; (f) documents relating to Persons providing any Relevant Product who were not invited to bid, did not qualify to bid, or were eliminated or excluded by the Company during or after the bidding process; (g) documents relating to any negotiations between the Company and any Person providing any Relevant Product (including, but not limited to, draft contracts and proposed terms, prices, prebates, incentives, etc.), (h) documents analyzing the distribution network (e.g., geographic footprint) of current or potential providers of any Relevant Product; (i) documents relating to the time and all costs to the Company associated with changing providers of any Relevant Product, including, but not limited to, IT integration and compatibility considerations; and (j) documents relating to any criteria or models used by or on behalf of the Company to evaluate, compare, rank, score, or select bids or Persons providing any Relevant Product (with all source code, software systems, and licenses needed to access and run such source code and software).

**REQUEST NO. 10.**
Submit documents sufficient to show the Company's policies and procedures for monitoring, controlling, reducing, or minimizing the Company's off-contract spend on any Relevant Product.

**REQUEST NO. 11.**
Submit all documents relating to the Company's efforts to quantify and/or estimate the Company's volume of off-contract purchases of any Relevant Product and the Person providing such Relevant Product to the Company.

**REQUEST NO. 12.**

For the period of January 1, 2012 to the present, submit all documents relating to any plans or actions relating to entry or expansion by any Person providing any Relevant Product, including, but not limited to, documents relating to (a) construction, expansion, conversion, or modification of facilities or sites for the provision of any Relevant Product; (b) acquisitions, mergers, or joint ventures; (c) fleet or logistical changes; (d) IT infrastructure, capabilities, or web-based ordering systems; (e) recruitment of salespeople or support personnel; or (f) breadth of product offerings.

**REQUEST NO. 13.**

Submit all documents of the Company, in its capacity as Relevant Customer, relating to the proposed merger of Staples and Office Depot or the consummated merger of Office Depot and OfficeMax, including, but not limited to, documents relating to (a) the actual or potential effects of either merger; (b) Company plans to respond, adapt, or react to either merger; and (c) potential efficiencies or cost savings that resulted or may result from either merger, including all underlying data, analysis, and calculations, as well as any expected or actual savings that have or will be passed through to or realized by the Company as a result of such merger, including the amounts of and time when such savings were or will be realized.

**REQUEST NO. 14.**

Submit all documents of the Company, in its capacity as a Relevant Customer, relating to the Divestiture, including the effect that such proposal would have on Your business, any other Person's business, or on competition, pricing, supply, demand, or any other effect relating to the sale or distribution of any Relevant Product.

**REQUEST NO. 15.**

Submit documents sufficient to show the Company's policies and procedures relating to the retention and destruction of documents.

# DEPOSITION TOPICS

**TOPIC NO. 1.**
The Company's current and long-term business strategy and procurement plans for any Relevant Product, including analyses or assessments of ability to change suppliers or purchase from multiple suppliers, actual or potential supplier capabilities, performance, costs and prices.

**TOPIC NO. 2.**
In its capacity as a Relevant Customer, the Company's past or present consideration, evaluation or analysis regarding actually or potentially changing all or any portion of purchases from one supplier (including direct purchases from manufacturers) to another for any Relevant Product(s).

**TOPIC NO. 3.**
In its capacity as a Relevant Customer, any concerns the Company may have regarding suppliers of any Relevant Product, including considerations of price increases, the geographic location of supplier facilities or geographic scope of their offerings, disputes with any supplier, and the effectiveness, quality, and/or actual or perceived reliability of any supplier.

**TOPIC NO. 4.**
The Company's purchase expenditures and volumes of any Relevant Product in the United States, including which products were purchased, from which supplier, and on what price and other terms, from 2008 to the present.

**TOPIC NO. 5.**
Negotiations with suppliers of any Relevant Product, including the Company's efforts or ability to leverage pricing or other contract terms due to the possibility that the Company would change suppliers, and any exclusivity clauses, rights of first refusal, pricing requirements, or volume requirements.

**TOPIC NO. 6.**
The Company's purchasing or procurement policies or methods for any Relevant Product in the United States, including, but not limited to contract-based pricing, ability to purchase off-contract, multiple individuals able to purchase, e-procurement, integrated purchase orders with company back office, timing of delivery (same-day vs. 1-day vs. 2-day), location of delivery (desktop).

**TOPIC NO. 7.**
Any and all Requests for Information, Requests for Proposal, or formal or informal supplier selection method for the Company's actual or potential purchases of any Relevant Product implemented or considered by the Company from 2008 to the present.

**TOPIC NO. 8.**
Documents provided in response to the Requests for Production contained in this Attachment.

Case 1:16-mc-91068-ADB   Document 3-3   Filed 03/04/16   Page 20 of 28
Case 1:15-cv-02115-EGS   Document 63   Filed 01/10/16   Page 1 of 9
Case 1:15-cv-02115-EGS   Document 59-1   Filed 01/07/16   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | |
| v. | Civil Action No. 1:15-cv-02115-EGS |
| STAPLES, INC. and OFFICE DEPOT, INC., | |

[Proposed] Protective Order

For the purposes of protecting the interests of the parties and third parties in the above-caption matter against the improper use and disclosure of confidential information submitted or produced in connection with this matter:

IT IS HEREBY ORDERED THAT this Protective Order shall govern the handling of all confidential material, as hereafter defined.

1. As used in this Order, "confidential material" shall refer to any document or portion thereof that contains privileged information, competitively sensitive information, or sensitive personal information. "Sensitive personal information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records. "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a party or third party. "Commission" shall refer to the Federal Trade Commission

Case 1:16-mc-91068-ADB    Document 3-3    Filed 03/04/16    Page 21 of 28
Case 1:15-cv-02115-EGS    Document 63    Filed 01/10/16    Page 2 of 9
Case 1:15-cv-02115-EGS    Document 59-1    Filed 01/07/16    Page 2 of 9

("FTC"), or any of its employees, agents, attorneys, and all other persons acting on its

behalf, excluding persons retained as consultants or experts for purposes of this

proceeding.

2.  Any document or portion thereof submitted by a Defendant or a third party during a

Federal Trade Commission investigation or during the course of this proceeding that is

entitled to confidentiality under the Federal Trade Commission Act, or any other federal

statute or regulation, or under any federal court or Commission precedent interpreting

such statute or regulation, as well as any information that discloses the substance of the

contents of any confidential materials derived from a document subject to this Order,

shall be treated as confidential material for purposes of this Order.  The identity of a third

party submitting such confidential material shall also be treated as confidential material

for the purposes of this Order where the submitter has requested such confidential

treatment.  However, defense counsel shall be permitted to disclose the identity of a third-

party submitter to an employee of a Defendant after first giving notice to counsel for

Plaintiffs and the third party submitter that defense counsel intends to make such

disclosure for the purpose of preparing the defense.  Plaintiffs or the third-party submitter

may petition the Court for a protective order within three business days after receipt of

notice from Defendant's counsel.  If no motion is filed within three business days,

defense counsel may make the intended disclosure.  Defendants' counsel shall instruct

any employee to whom disclosure is made that (1) the disclosure is for the limited

purpose of preparing the defense, (2) the submitter's identity and the fact that the

submitter provided evidence in the investigation shall not be disclosed or used for any

Case 1:16-mc-91068-ADB   Document 3-3   Filed 03/04/16   Page 22 of 28
Case 1:15-cv-02115-EGS   Document 63   Filed 01/10/16   Page 3 of 9
Case 1:15-cv-02115-EGS   Document 59-1   Filed 01/07/16   Page 3 of 9

purpose other than aiding counsel, and (3) that violation of this Protective Order may subject the employee to the sanctions described in Paragraph 7 of this Order.

3. The parties and any third parties, in complying with informal discovery requests, disclosure requirements, or discovery demands in this proceeding may designate any responsive document or portion thereof as confidential material, including documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

4. Any third party may file objections to any provision of this Order within five calendar days of its entry. Moreover, the parties, in conducting discovery from third parties, shall provide to each third party a copy of this Order so as to inform each such third party of his, her, or its rights herein. Nothing in this order shall be construed as limiting any rights of a non-party from seeking other or further relief from this Court regarding the disclosure of confidential material.

5. A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes confidential material as defined in Paragraph 1 of this Order.

6. Material may be designated as confidential by placing on or affixing to the document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of documents is confidential by placing or affixing to that folder or box, the designation "CONFIDENTIAL—FTC v. Staples Inc. and Office Depot, Inc., Case No. 1:15-cv-02115-EGS (D.D.C.)," or any other appropriate notice that identifies this proceeding, together with an indication of the portion or portions of the document considered to be confidential material. Confidential information contained in

Case 1:16-mc-91068-ADB   Document 3-3   Filed 03/04/16   Page 23 of 28
Case 1:15-cv-02115-EGS   Document 63   Filed 01/10/16   Page 4 of 9
Case 1:15-cv-02115-EGS   Document 59-1   Filed 01/07/16   Page 4 of 9

electronic documents may also be designated confidential by placing the designation

"CONFIDENTIAL—FTC v. Staples Inc. and Office Depot, Inc., Case No. 1:15-cv-

02115-EGS (D.D.C.)," or any other appropriate notice that identifies this proceeding, on

the face of the CD or DVD or other medium on which the document is produced.

Masked or otherwise redacted copies of documents may be produced where the portions

masked or redacted contain privileged matter, provided that the copy shall indicate at the

appropriate point that portions have been masked or redacted and the reasons therefor.

7. Confidential material shall be disclosed only to: (a) the Court presiding over this

proceeding, personnel assisting the Court, the Plaintiffs, any state or commonwealth that

may hereafter join this action as a plaintiff (provided such state or commonwealth has

signed an agreement to abide by the terms of this Protective Order), Plaintiffs'

employees, and personnel retained by Plaintiffs as experts or consultants for this

proceeding; (b) judges and other court personnel of any court having jurisdiction over

any appellate proceedings involving this matter; (c) outside counsel of record for any

Defendant, their associated attorneys and other employees of their law firm(s), provided

they are not employees of a Defendant; (d) anyone retained to assist outside counsel in

the preparation or hearing of this proceeding including consultants, provided they are not

affiliated in any way with a Defendant; (e) any witness or deponent who may have

authored or received the information in question; and (f) the following in-house counsel

of Defendants:  Michael T. Williams (Staples); Elisa D. Garcia (Office Depot); Dolly

Voorhees Davis (Office Depot); and Heather Stern (Office Depot), or other in-house

counsel subsequently identified and agreed to by the Parties or by order of the Court,

provided that the number of in-house counsel with access to confidential material shall

Case 1:16-mc-91068-ADB   Document 3-3   Filed 03/04/16   Page 24 of 28
Case 1:15-cv-02115-EGS   Document 63   Filed 01/10/16   Page 5 of 9
Case 1:15-cv-02115-EGS   Document 59-1   Filed 01/07/16   Page 5 of 9

not exceed three per Defendant.  The in-house counsel identified in this sub-part (f) may

only access declarations produced by Plaintiffs, draft and final versions of pleadings,

motions, and other briefs, hearing transcripts and expert reports—including portions of

such filings, transcripts, or reports that quote or paraphrase confidential material—but not

exhibits to such filings, transcripts or reports or underlying discovery material (other than

declarations produced by Plaintiffs), that has been designated as confidential pursuant to

Paragraph 6 of this Order.  In preparation for trial, the in-house counsel listed in this sub-

part (f) may review documents or other discovery material containing confidential

material that are included in Plaintiffs' exhibit list or that are proposed by outside counsel

for inclusion in Defendants' exhibit lists.  Before providing such materials to in-house

counsel listed in this sub-part (f), Defendants shall redact all confidential material

included in their proposed exhibit lists that is not material to the proposed merger or this

litigation.  The access designated in-house counsel may have to confidential material is

subject to reconsideration for good cause shown.  The in-house counsel listed in this sub-

part (f) shall have access to such confidential material for the purpose of defending this

litigation only.  Defendants' in-house counsel identified in this sub-part (f) may only

access confidential material in person at the offices of their outside counsel, or using a

secure electronic data room or document review platform using individual login

identification and passwords.  Plaintiffs and Defendants shall promptly report any

confirmed or suspected unauthorized use or disclosure of confidential material to the

Court and opposing counsel.  Any knowing and intentional violation of this Order by

Plaintiffs, Defendants, or any persons with access to confidential material pursuant to this

Protective Order may be deemed contempt and punished by a fine up of to $250,000.

Case 1:16-mc-91068-ADB   Document 3-3   Filed 03/04/16   Page 25 of 28
Case 1:15-cv-02115-EGS   Document 63   Filed 01/10/16   Page 6 of 9
Case 1:15-cv-02115-EGS   Document 59-1   Filed 01/07/16   Page 6 of 9

An adjudicated violator of this Protective Order may not seek reimbursement or

indemnification, or exercise any statutory, regulatory, or collective bargaining

indemnification rights, for any fines up to $250,000; however, said violator may seek

reimbursement or indemnification for defense costs. If the violator is an attorney, the

Court may recommend to the appropriate professional disciplinary authority that the

attorney be sanctioned, suspended or disbarred.

8.   Upon entry of this Order, Plaintiffs shall serve on all Producing Parties a notice that

names the in-house counsel listed in sub-part (f) of Paragraph 7 of this Order within 2

calendar days, and informs the Producing Parties that the named in-house counsel may

have access to confidential material. In-house counsel shall not receive access to

confidential material earlier than five business days after Plaintiffs serve notice to

Producing Parties absent express written consent of the Producing Parties. Before the

expiration of that five-day period, a Producing Party (or Plaintiffs on behalf of the

Producing Party) may file an objection with the Court, stating the basis for its objection

to any disclosure. If any such objection(s) is filed, in-house counsel may not access that

Producing Party's confidential material until all applicable objections are resolved. Any

objections to the disclosure of confidential material shall be decided on an expedited

schedule: Defendants may file a brief responding to any objection within three business

days of the filing of any objection. The Producing Party (or Plaintiffs on behalf of the

Producing Party) may file a reply within three business days thereafter. All filings shall

be limited to four pages, excluding exhibits.

9.   Disclosure of confidential material to any person described in Paragraph 2 or 7 of this

Order shall be only for the purposes of the preparation and hearing of this proceeding, or

Case 1:16-mc-91068-ADB   Document 3-3   Filed 03/04/16   Page 26 of 28
Case 1:15-cv-02115-EGS   Document 63   Filed 01/10/16   Page 7 of 9
Case 1:15-cv-02115-EGS   Document 59-1   Filed 01/07/16   Page 7 of 9

any appeal therefrom, and for no other purpose whatsoever, provided, however, that the Plaintiffs may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose confidential material as provided in the Commission's Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any legal obligation imposed upon a Plaintiff.

10. In the event that any confidential material is contained in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal.  To the extent that such material was originally submitted by a third party, the party including the material in its papers shall immediately notify the submitter of such inclusion. Confidential material contained in the papers shall remain under seal until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive confidential material pursuant to Paragraphs 7 or 9.  Upon or after filing any paper containing confidential material, the filing party shall file on the public record a duplicate copy of the paper that does not reveal confidential material.  Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

11. If counsel plans to introduce into evidence at the hearing any document or transcript containing confidential material produced by another party or by a third party, they shall provide advance notice to the other party or third party for purposes of allowing that party to seek an order that the document or transcript be granted *in camera* treatment.  If that party wished *in camera* treatment for the document or transcript, the party shall file an appropriate motion with the Court within five days after it receives such notice.

7

Case 1:16-mc-91068-ADB   Document 3-3   Filed 03/04/16   Page 27 of 28
Case 1:15-cv-02115-EGS   Document 63   Filed 01/10/16   Page 8 of 9
Case 1:15-cv-02115-EGS   Document 59-1   Filed 01/07/16   Page 8 of 9

Except where such an order is granted, all documents and transcripts shall be part of the public record. Where *in camera* treatment is granted, a duplicate copy of such document or transcript with the confidential material deleted therefrom may be placed on the public record.

12. If any party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of confidential material submitted by another party or third party, the recipient of the discovery request shall promptly notify the submitter of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least ten business days before production, and shall include a copy of this Protective Order and a cover letter that will apprise the submitted of its rights hereunder. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Order to challenge or appeal any order requiring production of confidential material, subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of confidential material. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

13. At the time that any consultant or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda, or other papers containing confidential information. At the conclusion of this proceeding, including the exhaustion

Case 1:16-mc-91068-ADB   Document 3-3   Filed 03/04/16   Page 28 of 28
Case 1:15-cv-02115-EGS   Document 63   Filed 01/10/16   Page 9 of 9
Case 1:15-cv-02115-EGS   Document 59-1   Filed 01/07/16   Page 9 of 9

of judicial review, the parties shall return documents obtained in this action to their

submitters, provided, however, that the Commission's obligation to return documents

shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. §

4.12.

14. The provision of this Protective Order, insofar as they restrict the communication and use

of confidential discovery material, shall, without written permission of the submitter or

further order of the Court, continue to be binding after the conclusion of this proceeding.

SO ORDERED:

Dated:   January **9**, 2016

_____

Judge Emmet G. Sullivan
United States District Court Judge