UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
FEDERAL TRADE COMMISSION,     )
ET AL.,                       )
                              )
            Plaintiffs,       )
                              )   Civil Action No.15-2115 (EGS)
       v.                     )
                              )
STAPLES, INC. and             )
OFFICE DEPOT, INC.            )
                              )
                              )
                              )
            Defendants.       )
_____)
```

**ORDER**

Staples moves to compel production of documents and one out-of-time deposition from third-party Amazon, Inc. ("Amazon"). Staples' Mot. Compel, Docket No. 144. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, Staples' Motion is **GRANTED in part** and **DENIED in part**.

I.   **Background**

In February 2015, shortly after Defendants announced their intent to merge, the Federal Trade Commission ("FTC") began an investigation into the likely effects of the merger. Defs.' Mem. Supp. at 2. On November 17, 2015, non-party Amazon submitted a declaration to the FTC concerning its Amazon Business unit which sells office products, consumable office supplies and paper.



Staples' Mem. Supp., Docket No. 144 at 2. Amazon articulated no position in regard to Staples' pending acquisition of Office Depot. *Id.* The FTC concluded that Amazon Business would not "meaningfully constrain" Staples following its acquisition of Office Depot. Compl., Docket No. 3, ¶¶ 15, 17, 68. On December 7, 2015, Plaintiffs filed suit seeking to enjoin the pending merger, pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53 (b), until the FTC's administrative proceedings are complete. Pls.' Mot. Prelim. Inj., Docket No. 5 at 1.

In December 2015, Staples served a subpoena on Amazon seeking documents and information relevant to the parties' claims and defenses in this case. Staples' Mem. Supp., Docket No. 144 at 2. The parties met and conferred and Staples agreed to narrow the scope of the subpoena to the "bare minimum" information necessary. *Id.* On February 3, 2016, Amazon produced 15 partially redacted documents (totaling more than 140 pages). *Id.* at 2. On February 8, 2016, Staples took the deposition of Mr. Prentis Wilson ("Mr. Wilson"), Amazon's 30(6)(b) deponent. *Id.* at 14. Staples now moves to compel production of additional documents based on Amazon's alleged incomplete document production and improper redactions. *Id.* at 20-21. Staples also seeks to take one out-of-time deposition of an Amazon employee

2

in order to cover new information gleaned any documents produced pursuant to the Court's order on this motion. *Id.*

## II.  Legal Standard

Under Rule 45, a party may subpoena non-parties for depositions and document production. Fed. R. Civ. P. 45(c)(1)-(2). The standards under Rule 26 apply to subpoenas served under Rule 45. *See, e.g. Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011). Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). "Relevance" is broadly construed and discovery need not be admissible to be discoverable. *Id.; see also Food Lion v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997). District Courts have considerable discretion in resolving discovery matters, but must limit discovery where it is shown to be unreasonably cumulative, more easily obtained from an alternative source, or where the burden and expense of producing the discovery outweighs the likely benefit of the information sought. Fed. R. Civ. P. 26(b)(2)(C); *see also Donohoe v. Bonneville Int'l Corp.*, 602 F. Supp.2d 1, 3 (D.D.C. 2009).

Courts should consider the following six factors in determining whether the discovery sought is relevant and

proportional to the needs of the case: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of discovery; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The merger at issue here is worth more than six billion dollars, information about Amazon and Amazon Business is critical to Staples' defense, both parties are sophisticated with ample resources, and Amazon does not deny that the information Staples seeks is in its exclusive control. Thus, the sixth factor under Rule 26(b)(1)—whether the burden or expense of the discovery sought by Staples will outweigh its likely benefit—will be the Court's primary consideration.

**III. Analysis**

**A. Amazon must produce additional documents.**

Staples seeks several categories of documents that are relevant to its defense in this case where the likely benefit outweighs the burden or expense of Amazon's production. These categories include:

1. All of Amazon's internal business or strategic plans/updates, including Monthly Business Reports and similar documents, created since September 2, 2015 to the present;

4

2. Current long-range sales forecast through 2020 (and the bases for it) referenced by Mr. Wilson during his February 2016 deposition;

3. Documents sufficient to show the break-down of spend across office product categories by the top Fortune 500 customers Amazon Business serves.

Staples' Mem. Supp., Docket No. 144 at 22. Amazon does not articulate any specific argument against production of documents that fall under these three categories. *See* Amazon Response Mem. at 7-9 (addressing the Wilson Declaration, the Forrester presentation, and redacted information). Therefore, Amazon shall produce documents responsive to these three categories no later than Tuesday, March 1, 2016 at 5:00 p.m.

Staples also seeks all drafts of Amazon's declaration, signed by Mr. Wilson. Staples' Reply Mem., Docket No. 154-2 at 7. Staples argues that the drafts are relevant because "the data pulled by these Amazon employees to draft the Amazon Declaration included more office product categories than Amazon included in the Amazon declaration." Staples Mem. Supp., Docket No. 144 at 15. According to Staples, this is "central to a key issue in the case." *Id*. Amazon contends it has no drafts in its possession that are not privileged, but Amazon does not elaborate in regard to the nature of the privilege. Amazon Response Mem., Docket No. 143-3 at 7. Amazon shall produce all drafts, edits and comments related to the Amazon declaration to the Court for *in camera* review no later than Monday, February 29, 2016 at 10:00 a.m.

5

Amazon shall identify points and authorities of law in support of its claim of privilege over all drafts, edits and comments.

Staples also seeks all documents concerning the Forrester presentation given by Messrs Park and Stanick. Staples' Mem. Supp., Docket No. 144 at 22. Staples does not explain why the drafts and notes related to the presentation are relevant, but argues that they should be produced because Amazon previously agreed to produce the material. *Id.* at 17. The Court is not convinced that the benefit of producing drafts and additional speaker notes related to this presentation (which is apparently viewable to the public online) will likely outweigh the burden and expense of production. Thus, to the extent Staples seeks to compel additional information related to the Forrester presentation, the motion is **DENIED**.

### B. Amazon shall produce an unredacted copy of the 15 documents for the Court's *in camera* review.

Next Staples challenges the redactions made to the 15 documents produced by Amazon. Staples' Mem. Supp., Docket No. 144 at 11. Amazon argues the redacted information, which falls into three categories, is not relevant to the pending litigation. Amazon's Response Mem., Docket No. 143-3 at 8-9. The categories include: (1) information related to technological initiatives in conceptual phases; (2) internal tools used by Amazon to make product selections and monitor pricing; and (3)

revenue and cost projections. *Id.* This type of information is likely relevant to Staples' defense in this case because the information appears to relate to how competitive Amazon Business will be with other competitors in the industry over the course of the next several years. Nevertheless, out of an abundance of caution, the Court will review the documents *in camera* before ordering that they be produced to Staples. Amazon shall deliver an unredacted version of the documents at issue to chambers no later than 10:00 a.m. Monday, February 29, 2016.

### C. Staples may take one out-of-time deposition.

Amazon shall produce either Mr. Stanick or Mr. Park to sit for an out-of-time deposition. The deposition shall be limited in scope to **new** information learned by Staples as a result of this Motion to Compel. The parties shall schedule the deposition after the Court rules on whether any documents reviewed *in camera* must be disclosed to Staples.

### IV. CONCLUSION

For the reasons discussed above, Staples' Motion to Compel is **GRANTED in part** and **DENIED in part,** as follows:

   A. To the extent Staples seeks to compel documents that relate to the following categories, Staples' Motion is **GRANTED**:

      a. All of Amazon's internal business or strategic plans/updates, including Monthly Business Reports and similar documents, created since September 2, 2015 to the present;

    b. Current long-range sales forecast through 2020 (and the bases for it) referenced by Mr. Wilson during his February 2016 deposition;

    c. Documents sufficient to show the break-down of spend across office product categories by the top Fortune 500 customers Amazon Business serves.

B. To the extent Staples seeks *in camera* review of drafts relating to the Wilson/Amazon Declaration and the redacted documents produced by Amazon, Staples Motion is **GRANTED**. Amazon shall deliver to Judge Sullivan's chambers a copy of all material related to the Wilson/Amazon Declaration and an unredacted copy of the 15 documents produced to Staples no later than 10:00 a.m. Monday, February 29, 2016.

C. To the extent Staples seeks to take an out-of-time deposition related to new information produced as a result of this Motion to Compel, the motion is **GRANTED**.

D. In all other respects, Staples Motion to Compel is **DENIED**.


**Signed:**      **Emmet G. Sullivan**
                  **United States District Judge**
                  **February 26, 2016.**