UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | * | CASE NO.: 1:16-mc-91068 |
| Plaintiffs, | * | |
| v. | * | UNITED STATES DISTRICT COURT DISTRICT OF COLUMBIA |
| STAPLES, INC. and OFFICE DEPOT, INC., | * | Case No. 1:15-cv-02115 (EGS) |
| Defendants. | * | **DISCOVERY MATTER** |

### OFFICE DEPOT, INC.'S MOTION FOR LEAVE FILE REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM NON-PARTY CRA INTERNATIONAL, INC.

Pursuant to the Court's Local Rule 7.1(b)(3), Office Depot, Inc. ("Office Depot") requests leave to submit a 5-page Reply in support of its Motion to Compel Discovery from non-party CRA International, Inc. ("CRA"). A short Reply is needed to address CRA's harassment allegation and will assist the Court in assessing other arguments made by CRA in its Opposition, including:

1. <u>CRA's argument that Office Depot's subpoena is untimely</u>. As noted in Office Depot's Reply, Judge Sullivan, who is presiding over the pending antitrust litigation captioned *Federal Trade Commission, et al., v. Staples, Inc., et al.*, 15-cv-02115 (EGS) in the District Court for the District of Columbia, has repeatedly expressed flexibility when applying the Case Management Order's provision that discovery be completed "by February 12, 2016, *or as soon as practical thereafter.*"

2. <u>CRA's unsupported contention that using fact discovery to learn information about an expert in litigation is not permissible</u>. Contrary to CRA's relevance argument, Fed. R. Civ. P. 26 and 45 support the view that discovery of information that could be used to impeach an expert witness, although not otherwise relevant to the claims or defenses, is permissible.

3. <u>CRA's argument that the information sought in the subpoena can be obtained directly from Staples, Office Depot's co-defendant and merger partner</u>. Since serving the subpoena on CRA, Office Depot has repeatedly sought information only within

CRA's custody and control.  In the interest of clarity and expediency, Office Depot is willing to further narrow the scope of information sought by CRA to include:

a. Documents sufficient to show CRA's annual spend on Relevant Products (as defined in the Subpoena) for years 2012 through 2015, and the breakdown of that spend by location and supplier *other than Staples*; and

b. Documents related to CRA's most recent request for proposal ("RFP") process for the purchase of Relevant Products.

Office Depot's proposed Reply is appended as Exhibit A. In order to remove any uncertainty as to what Office Depot seeks from CRA, a proposed Order, which has been revised to further narrow the categories of information sought from CRA, is appended as Exhibit B.

WHEREFORE, Office Depot requests that the Court permit it to file the attached Reply and revised form of Order in support of its Motion to Compel Discovery.

        Respectfully submitted

        OFFICE DEPOT, INC.

        By its attorneys,

        s/ Paula M. Bagger
        Paula M. Bagger (BBO No. 547703)
        COOKE CLANCY & GRUENTHAL LLP
        One Liberty Square
        Boston, MA  02109
        Phone:  (617) 428-6800
        Fax:  (617) 428-6868
        pbagger@ccg-law.com

        s/ Brian C. Spahn
        Brian C. Spahn (admitted *pro hac vice*)
        Wisconsin Bar No. 1060080
        David R. Konkel (admitted *pro hac vice*)
        Wisconsin Bar. No. 1097244
        780 North Water Street
        Milwaukee, WI 53202-3590
        Phone:  (414) 273-3500
        Fax:  (414) 273-5198
        BSpahn@gklaw.com

Dated:  March 14, 2016

## **CERTIFICATE OF SERVICE**

I, Paula M. Bagger, hereby certify that on March 14, 2016 I caused the foregoing document to be served electronically on all parties appearing on the Notice of Electronic Filing, through the Court's CM/ECF system, and on all other parties not identified on the Notice of Electronic Filing by overnight delivery service.

s/ Paula M. Bagger
Paula M. Bagger
