UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | * | CASE NO.: 1:16-mc-91068 |
| Plaintiffs, | * | |
| | * | UNITED STATES DISTRICT COURT |
| v. | * | DISTRICT OF COLUMBIA |
| STAPLES, INC. and OFFICE DEPOT, INC., | * | Case No. 1:15-cv-02115 (EGS) |
| Defendants. | * | **DISCOVERY MATTER** |

**REPLY IN SUPPORT OF OFFICE DEPOT'S MOTION TO COMPEL DISCOVERY FROM NON-PARTY CRA INTERNATIONAL, INC.**

Despite repeated efforts by Office Depot, Inc. ("Office Depot") to take reasonable steps to narrow the scope of information sought from CRA International, Inc. ("CRA") and extend the time for CRA to comply with a subpoena dated February 3, 2016 (the "Subpoena"), CRA now claims that Office Depot's motion to compel is a self-created emergency and the Subpoena is harassment. CRA's claim of harassment is absurd in light of Office Depot's repeated attempts to compromise on issues related to the Subpoena. CRA's feigned indignation is belied by CRA's transparent delay tactics since February 4. CRA has only itself to blame for the need to resolve these issues expeditiously. This Court should reject CRA's gamesmanship and order it to produce two categories of documents by no later than 5:00 p.m. Eastern Standard Time on March 15, 2016:

1) Documents sufficient to show CRA's annual spend on Relevant Products (as defined in the Subpoena) for years 2012 through 2015, and the breakdown of that spend by location and supplier *other than Staples*; and

2) Documents related to CRA's most recent request for proposal ("RFP") process for the purchase of Relevant Products.

In its response to Office Depot's motion to compel, CRA argues that (1) the Subpoena is untimely; (2) the Subpoena seeks irrelevant information and amounts to harassment; and (3) the Subpoena imposes an undue burden on CRA.  Each of these arguments lacks merit.

First, CRA contends that because the Subpoena's return date fell one business day after the close of fact discovery, the Court need not reach issues of relevance and burden.  (Resp. at 7). CRA's argument that the Subpoena is untimely is unpersuasive given Judge Sullivan's (the presiding judge in the underlying litigation) repeated expressions of flexibility on this point.  For example, Judge Sullivan has stated:

> As is routine in merger cases, the Defendants here agreed to an aggressive discovery schedule. See generally, Sched. Ord.  The Court recognizes that an enormous amount of work must be done by both parties in a very short time period.  This understandably places a tremendous pressure on Defendants, as they do not have the benefit of completing a year-long investigation into the matter like Plaintiffs. While this disparity is not sufficient to infringe on Plaintiff's work product, the Court will consider any modifications to the discovery schedule sought by Defendants.  The Court also stands ready to order expedited responses to subpoenas and discovery requests issued by Defendant to third parties.  To the extent the compressed discovery schedule may impede Defendant's preparation, Defendants should not hesitate to request appropriate relief from the Court.

In keeping with this approach, Judge Sullivan has granted requests to both parties to take discovery past the February 12, 2016 date noted in the Case Management Order (CMO).  In doing so, Judge Sullivan has recognized the exigencies of the litigation and the inherent flexibility built into the CMO, which required that discovery be completed "by February 12, 2016, *or as soon as practical thereafter*." (Emphasis added). CRA's reliance on the CMO in general and the February 12 deadline in particular is misplaced.

Second, CRA provides no support for its argument that "using the fact discovery process to learn information about an expert in litigation is not permissible."  (*See* Resp. at 10). Nor does such support exist.  To the contrary, "[e]xperts are not exempt from the duty to give evidence . .

2

." Fed. R. Civ. P. 45 advisory committee notes to 1991 Amendments (citing *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529 (2d Cir. 1972)); *see also Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir. 1976) (laying out factors for compelling testimony from expert).  It is for this reason that Rule 45 provides that a court "may, on motion, quash or modify the subpoena if it requires . . . disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed R. Civ. P. 45(d)(3)(B).  Here, the Subpoena does not seek an expert opinion from anyone at CRA; rather, the Subpoena seeks limited factual information about CRA's business practices. CRA does not enjoy special protection from subpoenas.

Rather, the broad scope of Rule 26—any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case—apply here, just as they do to all subpoenas under Rule 45. *Rockstar Consortium US LP*, No. 14-01322-FDS, 2015 WL 5972422, at *4 (D. Mass. Oct. 14, 2015). CRA's expert intends to provide testimony in the underlying litigation related to, among other things, the relevant market for analyzing the impact of the proposed merger, and which companies can capably provide office supplies to large businesses such as CRA.  To the extent that CRA in its own business sought proposals or purchased office supplies from companies other than Staples or Office Depot, that is directly relevant.  As the Advisory Committee Notes to Rule 26 make clear, "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable."  2000 Amendments to Fed. R. Civ. P. 26(b)(1) advisory committee's notes; *see also Simuro v. Shedd*, No. 2:13-CV-30, 2014 WL 5776149, at *1 (D. Vt. Nov. 6, 2014) (granting, in part, motion to compel production of documents pursuant to subpoena served on plaintiff's expert); *Safeco Ins. Co. of Am. v. Vecsey*, 259 F.R.D. 23, 32 (D.

Conn. 2009) (granting, in part, motion to compel production of documents pursuant to subpoena served on plaintiff's expert and expert's employer). There is nothing impermissible about Defendants seeking information in discovery that may be used to impeach or undermine the FTC's expert witness.

Third, CRA's continued insistence that the Subpoena is burdensome lacks any merit. Office Depot already narrowed the scope and extended the time to comply with the Subpoena on several occasions. Despite Office Depot's repeated efforts to be reasonable, CRA expresses uncertainty as to what Office Depot seeks. (Resp. at 12.). To be clear, Office Depot is not asking that CRA produce information related to its office supply spend with Staples. Rather, Office Depot respectfully requests that this Court order CRA to produce the following discrete and limited categories of documents:

1) Documents sufficient to show CRA's annual spend on Relevant Products (as defined in the Subpoena) for years 2012 through 2015, and the breakdown of that spend by location and supplier *other than Staples*; and

2) Documents related to CRA's most recent request for proposal ("RFP") process for the purchase of Relevant Products.

From February 12, 2016 to March 3, 2016, CRA repeatedly pointed to circumstances preventing it from even inquiring into Office Depot's requests. *See* Spahn Aff. Exs. U, X, Z. Forced to respond to Office Depot's motion to compel, CRA now remarkably is able to report its 2014 and 2015 office supply spend. Yellin Decl. ¶3. CRA's 2016 Form 10-K has now been filed—the event allegedly preventing CRA from addressing issues related to the Subpoena. Yellin Decl. ¶6. Presumably, therefore, CRA's twenty-five financial administrative/accounting staff are no longer consumed by other tasks and stand ready to address the above requests expeditiously. *See* Yellin Decl. ¶2.

CRA's response falls far short.  Office Depot respectfully requests that the Court grant its motion to compel.  Accompanying this brief is a proposed order that Office Depot submits to the Court for its consideration.

>Respectfully submitted
>
>OFFICE DEPOT, INC.
>
>By its attorneys,
>
>s/ Paula M. Bagger
>Paula M. Bagger (BBO No. 547703)
>COOKE CLANCY & GRUENTHAL LLP
>One Liberty Square
>Boston, MA  02109
>Phone:  (617) 428-6800
>Fax:  (617) 428-6868
>pbagger@ccg-law.com
>
>s/ Brian C. Spahn
>Brian C. Spahn (admitted *pro hac vice*)
>Wisconsin Bar No. 1060080
>David R. Konkel (admitted *pro hac vice*)
>Wisconsin Bar No. 1097244
>780 North Water Street
>Milwaukee, WI 53202-3590
>Phone:  (414) 273-3500
>Fax:  (414) 273-5198
>BSpahn@gklaw.com

Dated:  March 14, 2016

## CERTIFICATE OF SERVICE

I, Paula M. Bagger, hereby certify that on March 14, 2016 I caused the foregoing document to be served electronically on all parties appearing on the Notice of Electronic Filing, through the Court's CM/ECF system, and on all other parties not identified on the Notice of Electronic Filing by overnight delivery service.

>s/ Paula M. Bagger
>Paula M. Bagger