UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
FEDERAL TRADE COMMISSION,      )
et al.,                        )
                               )
        Plaintiffs,            )        MBD NO. 16-91068-ADB
    v.                         )
                               )
STAPLES, INC., et al.,         )
                               )
        Defendants.            )
```

## ORDER ON MOTION TO COMPEL

This matter is before the Court on Office Depot, Inc.'s motion to compel discovery from non-party CRA international, Inc. (Docket No. 1). Office Depot has requested that the motion, filed on March 4, 2016, be briefed and decided expeditiously, and both parties have waived oral argument. In light of Office Depot's need for a prompt resolution of this motion, this court will not issue an extensive decision. Nevertheless, this court has considered all the arguments raised by the parties in their filings.

For the reasons detailed herein, the motion to compel is denied without prejudice. In this court's view, the subpoena was untimely, and Office Depot has not put forth any reasons why this court should disregard the scheduling order issued by the trial court. In the event that Office Depot obtains a modification of the discovery schedule, this court would be prepared, on a proper motion, to address the merits of the motion to compel.

Both parties agree that the underlying litigation is governed by a "Stipulation Regarding Case Management and Scheduling Order." Spahn Aff., Ex. B. As detailed therein, fact discovery

was to close on February 12, 2016.  The stipulation further provides that "All written and deposition discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery . . . .  The parties agree to work in good faith to complete depositions (or counter-declarations by the other side) by February 12, 2016, or as soon as practical thereafter."  At issue is a subpoena, which Office Depot served on CRA on February 4, 2016.  Spahn Aff., Ex. C.  Therein, Office Depot requested the production of documents within "Ten (10) days from the date of service of the subpoena."  The request included 15 categories of documents and covered the time period from January 1, 2012 to the present.  The subpoena also included a request for a deposition, the date of which was to be determined.  Thus this "deposition discovery" from a non-party could not be completed by the close of fact discovery on February 12, 2016.

The parties agree that the response to the subpoena was due on February 16, 2016.  On that date counsel for CRA sent Office Depot's counsel an email listing a number of objections to the subpoena, including that the subpoena was untimely in light of the discovery deadline in the underlying litigation.  Spahn Aff. , Ex. O at ¶ 6.  Despite numerous efforts by Office Depot to limit the scope of its request, CRA has not agreed to produce any documents.

According to Office Depot, hundreds of third-party subpoenas have been served in the underlying litigation on a variety of entities including large corporations and government entities.  Office Depot asserts that the information sought is "highly relevant to the parties' claims and defenses," especially since CRA is the expert for the FTC.[1]  However, Office Depot

---

[1] Not surprisingly, CRA argues that the information being sought is not at all relevant.

offers no explanation as to why it could not (or did not) request the information in accordance with the scheduling order to which it had agreed.[2]

The parties both agree that third-party subpoenas issued pursuant to Rule 45 are subject to discovery deadlines.  See Alper v. United States, 190 F.R.D. 281, 283-84 (D. Mass. 2000).  In the instant case, such third-party subpoenas are expressly referenced in the discovery schedule.  In support of its argument that its subpoena was timely, Office Depot cites to a number of cases where the court held that service of the discovery request was timely if made prior to the close of discovery, even if the date of performance was after the close of discovery.  However, none of these cases contained an express order that the discovery be completed prior to the date discovery was to close.  See, e.g., Liu v. Win Woo Trading, LLC, No. 14-cv-02639-KAW, 2016 WL 661029, at *2 (N.D. Cal. Feb. 18, 2016).  Moreover, even the cases cited by Office Depot recognize that a party cannot unilaterally extend a discovery cutoff without court approval.  See Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 25 (D.D.C. 2005) ("Extending the discovery deadline without the presiding or magistrate judge's approval is improper.").  See also Bear Republic Brewing Co. v. Cent. City Brewing Co., 275 F.R.D. 43, 45 (D. Mass. 2011) (court "would relax" discovery deadline since witness was disclosed only 10 days before the close of discovery); McNerney v. Archer Daniels Midland Co., 164 F.R.D 584, 588 (W.D.N.Y. 1995) (quashing a subpoena issued after the discovery cutoff date where party did

---

[2] Even more striking, when quoting the terms of the Scheduling Order, Office Depot refers only to the fact that the parties have agreed to work in good faith to complete depositions by February 12, 2016, "or as soon as practicable thereafter."  See Office Depot's Mem. (Docket No. 2) at 3.  It ignores the fact that the Scheduling Order expressly provides that discovery requests to third parties must be served in time to permit completion of responses by the close of fact discovery, as well as the fact that the subpoena to CRA was not simply scheduling a deposition, but also was requesting a substantial amount of written discovery.

not seek an extension of the discovery deadline prior to issuing the subpoena). In light of the express terms of the controlling discovery schedule, the subpoena at issue was not timely, and the motion to compel must be denied. See, e.g., Sandifer v. Hoyt Archery, Inc., No. 12-322-SDD-RLB, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) (subpoena untimely since it required compliance outside of discovery cutoff), and cases cited.

    Finally, Office Depot argues that the trial court has extended the discovery schedule in other situations. This court has no information about the overall scheduling of the case. It is up to the trial court to determine whether an extension of discovery is appropriate for this third-party subpoena. For all these reasons, the motion to compel is DENIED WITHOUT PREJUDICE to renewal in the event the trial court modifies the discovery schedule.

                                                  / s / Judith Gail Dein
                                                  Judith Gail Dein
                                                  United States Magistrate Judge

DATED: March 15, 2016